**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3593-22

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

MICHAEL E. MITCHELL,
a/k/a MICHAEL MITCHELL,

     Defendant-Appellant.

_____

Argued March 6, 2025 – Decided March 14, 2025

Before Judges Mawla and Walcott-Henderson.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Indictment No. 14-05-0525.

Kayla Rowe, Designated Counsel, argued the cause for appellant (Jennifer Nicole Sellitti, Public Defender, attorney; Kayla Rowe, on the brief).

Elizabeth K. Gibbons, Assistant Prosecutor, argued the cause for respondent (Yolanda Ciccone, Middlesex County Prosecutor, attorney; Randolph E. Mershon III, Assistant Prosecutor, of counsel and on the brief).

Appellant filed a pro se supplemental brief.

PER CURIAM

Defendant Michael Mitchell appeals from a May 19, 2023 order denying his petition for post-conviction relief (PCR). We affirm.

Following a series of robberies at electronics stores in Edison and South Brunswick on December 8 and 19, 2011, Edison police were conducting surveillance near a T-Mobile store on Parsonage Road on January 12, 2012. They observed a black Buick, operated by defendant, approach the store and two males exit the vehicle, which then pulled into a driveway adjacent to the building. Detective Frank Todd was in an unmarked vehicle and began following the Buick, observing it back out of the parking spot, drive down the street, and into the driveway of the T-Mobile. The detective observed the driver on his cell phone and believed he was speaking with the men he had previously dropped off, as they were engaged in a cell phone conversation as well.

Once defendant parked, he was arrested. The vehicle contained several items, including: defendant's cell phone; paperwork associated with many other cell phones; a Samsung T-Mobile phone; and a Nintendo DS3, an AT&T phone, and Nikon Coolpix Camera, which were in their boxes. While Edison police were arresting defendant, his co-conspirators—Emendo Bowers and Mack

Mitchell[1]–robbed the T-Mobile store at gunpoint of cell phones, modems, accessories, and $10,000 in cash.

A jury convicted defendant of two counts of first-degree armed robbery, N.J.S.A. 2C:15-1; two counts of second-degree conspiracy to commit robbery, N.J.S.A. 2C:5-2; three counts of third-degree theft by unlawful taking, N.J.S.A. 2C:20-3A; three counts of third-degree unlawful possession of weapon, N.J.S.A. 2C:39-5D; and two counts of second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4A. The trial court imposed an extended term of life imprisonment without the possibility of parole for the first-degree robbery, which ran consecutive to defendant's Somerset County sentence.

On appeal, we affirmed defendant's convictions and sentence. State v. Mitchell, No. A-3259-15 (App. Div. Mar. 26, 2018). Defendant then filed his PCR petition. Among the arguments he raised relevant to this appeal in his counseled petition were that his trial counsel was ineffective for: failing to request a third-party guilt charge; not calling Mitchell as an exculpatory witness; failing to ask for a lesser-included charge of theft on the first-degree robbery; not communicating a favorable plea offer to defendant; not consolidating the

---

[1] Mack Mitchell is defendant's brother and shares a surname with defendant. Therefore, we refer to Mack Mitchell as Mitchell to differentiate him from defendant.

A-3593-22

Middlesex and Somerset matters; and obtaining a global plea offer. The counseled PCR petition also claimed appellate counsel was ineffective by not arguing plain error for: the lack of an instruction on lesser-included offenses to the robbery; the trial court's refusal to dismiss the indictment for insufficient evidence; and the failure to present to exculpatory evidence to the grand jury. Counsel sought an evidentiary hearing to resolve the material dispute in facts, which were outside the record.

Defendant's pro se PCR petition also alleged trial counsel was ineffective for: not seeking an instruction on a lesser-included offense and consolidation of his cases; failing to object to the trial court's amendment of the indictment on the robbery counts, which he claimed altered the degree of the crime; not moving to dismiss the indictment after the State's presented perjured testimony to the grand jury; not investigating two statements by Bowers, and cross-examining him regarding inconsistencies between them; not seeking a cautionary instruction when a detective testified regarding his perceptions from surveilling defendant; and not objecting to a ten-day recess during jury deliberations. Defendant asserted his counsel's cumulative errors deprived him of due process and a fair trial.

4

The PCR judge denied the petition in a written opinion. He rejected the argument that trial counsel should have sought an instruction on third-party guilt because the State never alleged defendant committed the crimes and based its case on accomplice liability, and the jury was properly instructed accordingly.

Bowers and Mitchell provided identical affidavits, which claimed defendant "did not participate [in,] nor have any knowledge of the robbery . . . committed on [January 12, 2012] at the T-Mobile store located on . . . Parsonage Road." The judge rejected defendant's claim Mitchell was an exculpatory witness because defendant had given police a statement "that he did not know the individuals [he] dropped off at the T-Mobile [s]tore, including his own brother." Therefore, Mitchell's testimony would have contradicted what defendant told police and contradicted Mitchell's own statement to police, admitting defendant's involvement in the robberies. The judge also noted "the State provided ample evidence [at trial], including text messages, proceeds from the robberies, and a video of the three defendants together in McDonalds, acting out a robbery and laughing, just moments before the . . . T-Mobile robbery."

The PCR judge rejected the assertions of PCR counsel and defendant's pro se argument defense counsel was ineffective for not seeking to charge the jury on a lesser-included offense for the robbery. The transcripts of the pre-trial

charging conference revealed the matter was discussed and rejected by the defense. The defense viewed the indictment as "all or nothing," meaning the jury would either convict or acquit defendant of the robbery. Giving the jury the option to convict on theft concerned the defense because "they may just settle to give him that instead of finding him not guilty" on the robbery. The PCR judge noted the trial judge nonetheless charged the jury on the lesser-included offense over the defense's objection.

The PCR judge found there was no "rational basis" for the jury to convict defendant on the lesser-included offense because "[t]he evidence that [defendant] conspired with his co-defendants to commit armed robbery is extensive. The facts that support the armed robbery . . . simply do not fit the charge of theft . . . ." Moreover, "[t]he fact that trial counsel did not request the lesser[-]included charge is simply an indication that trial counsel understood the futility of such a request." For these reasons, the PCR judge also concluded appellate counsel was not ineffective.

The prosecutor emailed defense counsel, stating he would consider "another [ten years of imprisonment] on top of the [S]omerset charge," for which defendant received twenty-five years, subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2. The PCR judge found this was not evidence of

6

ineffective assistance of counsel because it was not a formal offer. He reasoned "[i]f the minutia[e] of each negotiation or communication between [p]rosecutor and [d]efense [a]ttorney was considered a 'formal offer' that requires disclosure to . . . defendant, effective . . . negotiation would cease." More importantly, defendant turned down an offer of "a potential [thirty-]year concurrent [sentence], which [was] essentially the same terms discussed in the email."

Similarly, the judge found defense counsel was not ineffective for failing to consolidate the Middlesex and Somerset cases. Nothing in the record suggested defendant "desired a global plea offer or [that] one would even be offered by the State. Even if he had, [defendant] specifically declined a potential [thirty]-year [c]oncurrent offer." The judge concluded this was a bald assertion because "all indications are that any reasonable offer by the State would have been rejected by" defendant.

The PCR judge rejected each of defendant's pro se claims. He found defense counsel was not ineffective for failing to object to jury instructions because the jury had the indictment, which stated the degree of each crime.

Defendant claimed the State presented false testimony to the grand jury through a detective who showed the grand jury a video of the December 8 T-Mobile store robbery and identified the individuals in the video. The judge

7

rejected the argument defense counsel was ineffective for not raising this issue because defense counsel argued the issue on her motion to dismiss. Moreover, there was a superseding indictment, which did not include testimony identifying the individuals in the December 8 T-Mobile robbery, and "[o]verwhelming evidence was properly put forth before the grand jury resulting in the indictment."

The judge also rejected defendant's pro se claim defense counsel did not investigate statements made by Bowers. He found "[t]rial counsel thoroughly cross-examined the inconsistencies between the statements made by Bowers . . . and his trial testimony."

The ten-day break in jury deliberations was occasioned by the trial schedule. The judge rejected this PCR claim because there was "no showing that this break prejudiced [defendant] in any way."

The judge found trial counsel was not ineffective for failing to seek a cautionary instruction when Detective Todd testified that he believed defendant was on the telephone with co-defendants during the robberies. He found this was a form of lay opinion testimony based on the detective's rational perception. The judge concluded "trial counsel had a rational reason to not give these instructions—she could have perceived these cautionary instructions as opinions

. . . or could have viewed it strategically as to not cause pointless objection, or perhaps viewed [it] . . . as trivial." Regardless, defendant was not prejudiced by lack of a cautionary instruction.

The PCR judge rejected the notion there was cumulative error, which warranted relief. The judge could not identify an error committed by trial counsel, and "the specific examples cited by [defendant were] . . . nothing more than [defendant's] complaint that trial counsel could have done things differently." It was "baseless" to suggest defendant was convicted because his counsel was ineffective because the State's evidence "was strong and the convictions are well supported."

The judge rejected the arguments related to appellate counsel and the dismissal of the indictment. He noted the judge who considered the issue pre-trial found the Mitchell and Bowers affidavits were not "clearly exculpatory." The affidavits were inconsistent with Detective Todd observing Mitchell and Bowers exiting defendant's car. Defendant remained in the area throughout the robberies. Both men gave police statements implicating defendant and did not provide an explanation for retracting their statements. The affidavits were identical in their language, typeface, and typographical errors, which suggested "they were not prepared personally by each of the people making the retractions,

9

but by someone else and submitted to . . . Mitchell and . . . Bowers for their signature."

The PCR judge concurred with these findings. He further concluded the affidavits lacked "any [i]ndicia[,] . . . reliability[,] or credibility[,]" and "were properly excluded from the grand jury presentment." Therefore, appellant counsel was not ineffective for not raising this issue on direct appeal.

The PCR judge denied defendant's petition without an evidentiary hearing because he did not establish there were material issues of disputed facts outside the record. Defendant "only put forth allegations [that] are vague, conclusory, and speculative."

On appeal, defendant raises the following points in his counseled brief:

POINT I

TRIAL COUNSEL FAILED TO ASK THE TRIAL COURT FOR A THIRD-PARTY GUILT INSTRUCTION.

POINT II

TRIAL COUNSEL FAILED TO INVESTIGATE AND PRESENT . . . MITCHELL AS AN EXCULPATORY WITNESS.

POINT III

TRIAL COUNSEL FAILED TO COMMUNICATE A FAVORABLE PLEA OFFER.

POINT IV

TRIAL COUNSEL ALLOWED THE SOMERSET AND MIDDLESEX CHARGES TO BE HANDLED BY THE RESPECTIVE PROSECUTOR'S OFFICES, DENYING [DEFENDANT] THE OPPORTUNITY TO NEGOTIATE A GLOBAL PLEA AGREEMENT.

POINT V

THE CUMULATIVE INEFFECTIVENESS IN THIS CASE PREJUDICED [DEFENDANT].

POINT VI

THE PCR COURT ERRED IN DENYING PCR, BECAUSE APPELLATE COUNSEL WAS INEFFECTIVE.

POINT VII[]

AT A MINIMUM, [DEFENDANT] WAS ENTITLED TO AN EVIDENTIARY HEARING TO RESOLVE A GENUINE ISSUE OF MATERIAL FACT.

Defendant raises the following points in his pro se brief:

POINT I

[DEFENDANT] WAS DENIED HIS CONSTITUTIONAL RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL . . . AND BECAUSE HE WAS PREJUDICED THEREBY, THE COURT SHOULD GRANT HIS PETITION FOR [PCR]. IN THE ALTERNATIVE, BECAUSE [DEFENDANT] HAS PRESENTED . . . PRIMA FACIE PROOF[,] . . . THE COURT SHOULD GRANT . . . AN EVIDENTIARY HEARING.

11

A. [Defendant] Received Ineffective Assistance of Counsel Because [Trial Counsel] Failed to Raise an Objection to the Trial Court's Amendment of the Indictment of the Robbery Counts Thereby Violating his Rights to the Presentment of the Indictment to the Grand Jurors.

B. [Trial Counsel] and/or Appellate Counsel Failed to Raise an Objection to the Jury Instructions Provided Ineffective Assistance of Counsel Because the Jurors were Precluded from Considering a lesser Included Offense of Second-Degree Robbery.

C. [Trial Counsel] and/or Appellate Counsel Provided Ineffective Assistance of Counsel by Failing to Adequately Argue a Motion to Dismiss the Indictment Because of Perjured Testimony and False Evidence Admitted by the State and Detective[s] . . . that [Misled] the Grand Jurors.

D. [Trial Counsel] was Ineffective for Failing to Investigate the Surrounding Facts of the Robberies Which Allowed the State to Bring in Inconsistent Statements of the Detectives[,] Which Lead to Defendant's Conviction.

E. [Trial Counsel] was Ineffective by Failing to Have the Court Issue a Cautionary Instruction as to Detective . . . Todd's Testimony.

F. [Trial Counsel] Provided Ineffective Assistance by Fail[ing] to Object to the Trial Court's Dispos[al] of the Jury for Ten Days During Jury Deliberations.

12

G. [Trial Counsel] Provided Ineffective Assistance by Failing to Investigate . . . Statements Made by . . . Bowers.

POINT II

CUMULATIVE ERROR DEPRIVED . . . DEFENDANT DUE PROCESS OF LAW AND A FAIR [TRIAL].

I.

We review the denial of PCR without an evidentiary hearing de novo. State v. Jackson, 454 N.J. Super. 284, 291 (App. Div. 2018). To reverse a conviction based on ineffective assistance of counsel, a defendant must demonstrate that both: (1) "counsel's performance was deficient" and (2) counsel's "errors were so serious as to deprive the defendant of a fair trial." Strickland v. Washington, 466 U.S. 668, 687 (1984); see also State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the two-part Strickland test). Under the first prong, counsel's representation must be objectively unreasonable. State v. Pierre, 223 N.J. 560, 578 (2015). Under the second prong, a "reasonable probability [must exist] that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 583 (quoting Strickland, 466 U.S. at 694).

The Strickland standard applies in the case of appellate counsel as well, but "appellate counsel does not have a constitutional duty to raise every

13                                                                    A-3593-22

nonfrivolous issue requested by the defendant."  State v. Morrison, 215 N.J. Super. 540, 549 (App. Div. 1987) (citing Jones v. Barnes, 463 U.S. 745, 752-54 (1983)).  Appellate counsel will not be found ineffective for failure to raise a meritless issue or errors an appellate court would deem harmless.  State v. Echols, 199 N.J. 344, 361 (2009).

Pursuant to these principles, we affirm substantially for the reasons expressed in the PCR judge's written opinion.  We add the following comments.

## II.

"If counsel thoroughly investigates law and facts, considering all possible options, [their] trial strategy is 'virtually [unchallengeable].'"  State v. Savage, 120 N.J. 594, 617-18 (1990) (quoting Strickland, 466 U.S. at 690-91).  The investigation process includes counsel's duty to make "reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary."  Ibid.  Trial counsel's strategic choices are entitled to deference and assessed for reasonableness, including their determination to perform a limited investigation.  State v. Petrozelli, 351 N.J. Super. 14, 22 (App. Div. 2002).

A defendant is not entitled to PCR relief if there is no "reasonable probability that, but for counsel's unprofessional errors, the result of the

proceeding would have been different." Strickland, 466 U.S. at 694. "[I]t is difficult to establish ineffective assistance when counsel's overall performance indicates active and capable advocacy." Harrington v. Richter, 562 U.S. 86, 111 (2011). "The quality of counsel's performance cannot be fairly assessed by focusing on a handful of issues while ignoring the totality of counsel's performance in the context of the State's evidence of defendant's guilt." State v. Castagna, 187 N.J. 293, 314 (2006).

Like the PCR judge, we are as convinced that trial counsel's decision not to call Mitchell or Bowers was sound. Calling them would have hurt rather than helped the defense because their statements to police contradicted their affidavits and did not overcome the weight of the evidence bearing on defendant's guilt. For these reasons, appellate counsel's performance was also not deficient.

III.

A.

"[A]s a general rule, defense counsel has the duty to communicate formal offers from the prosecution . . . ." Missouri v. Frye, 566 U.S. 134, 145 (2012). The duty entails advising a defendant of the consequences associated with accepting and rejecting such offers. Padilla v. Kentucky, 559 U.S. 356, 374

15

(2010). This includes "inform[ing] the defendant of the strengths and weaknesses of the case against [them], as well as the alternative sentences to which [they] will most likely be exposed." Purdy v. United States, 208 F.3d 41, 44-45 (2nd. Cir. 2000).

Defendant was already convicted of first-degree robbery in Somerset County before his Middlesex arraignment. At the May 16, 2014 arraignment on the Middlesex offenses, the State offered defendant twenty-five years subject to NERA, which would run consecutive to the Somerset County sentence. This offer was also reflected in the pre-trial memorandum defendant signed at the arraignment. It was there, the judge advised defendant he was facing a mandatory sentence of life without parole. He then asked defendant if he was "willing to do a [thirty-year sentence] concurrent" with his Somerset sentence, which the State also indicated it would accept, and he refused.

On May 30, 2014, defendant received a twenty-five-year sentence subject to NERA in the Somerset case to run consecutive with his Middlesex conviction. On June 3, 2014, the prosecutor in the Middlesex case emailed defense counsel as follows: "No go on the [twenty-five]. If [defendant] were willing to take another [ten] on top of the Somerset charge, I'd consider it." In other words, the State would have accepted a global resolution of thirty years. This was the same

16

offer the State extended at the arraignment, evidencing it would not take less, which he previously refused.

It is obvious defendant was not amenable to a consolidated plea offer when he declined a global resolution. We reject his assertion counsel was ineffective because the offer was clearly communicated at the arraignment, and there is no evidence the facts had changed such that he would have accepted it when it was reiterated via email four days later.

B.

Rule 3:25A-1 states, "when a defendant has charges pending in more than one county at any stage prior to sentencing, either [party] . . . may move before the presiding judge of the criminal part in the county in which consolidation is sought." By opting to proceed with a trial in Somerset prior to his arraignment in Middlesex and then rejecting the plea offer in Middlesex, defendant ostensibly negated the possibility of consolidation. Moreover, as the State pointed out at oral argument, the facts in the Somerset case were different than the Middlesex case, which also militated against consolidation. Defendant was implicated in entering and robbing the store in the Somerset case, whereas in the Middlesex robberies, he was not identified as one of the robbers inside the stores.

C.

None of the facts related to the plea negotiations or the consolidation issue demonstrate a prima facie showing of ineffective assistance of counsel.  The PCR judge correctly declined to hold an evidentiary hearing on these issues.

IV.

"[I]ndictments are presumed valid and should be dismissed only upon the clearest and plainest ground and only if palpably defective.  . . . As long as an indictment alleges all of the essential facts of the crime, the charge is deemed sufficiently stated."  State v. Schenkolewski, 301 N.J. Super. 115, 137 (App. Div. 1997).  The State must present "'some evidence' as to each element of its prima facie case.  The quantum of this evidence, though, need not be great." Ibid.  "[A] prosecutor enjoys broad discretion in presenting a matter to the grand jury . . . ."  State v. Smith, 269 N.J. Super. 86, 92 (App. Div. 1993).

Appellate counsel was not deficient for failing to argue there was alleged perjury before the grand jury because there was no evidence to substantiate the claim.  More importantly, there was a plethora of evidence presented to the grand jury beyond the detective's testimony supporting the indictment.

A-3593-22

V.

There is no evidence PCR relief was warranted because there was a ten-day break in the deliberations. Rule 1:8-6(b) states: "[f]ollowing the instructing of the jury . . . and during the course of deliberations, the court may, in its discretion, . . . permit the dispersal of the jury for the night, for meals, and during other authorized intermissions in the deliberations."

Deliberations began Wednesday, November 18, 2015, and continued the following day. The following week was Thanksgiving week, which included mandatory judicial college training that occurred Monday, November 23 through Wednesday, November 25. Thereafter, the court was closed for Thanksgiving on Thursday and Friday, November 26 and 27. As a result, the trial judge excused the jury until November 30. The record reflects that, no one, jury members included, objected to the delay. Before the court recessed on November 19, the trial judge reminded the jury of his early instruction not to discuss the case or perform any research about it.

When deliberations resumed on November 30, after approximately ninety minutes, the jury advised it had reached a verdict on four counts but hung on fifteen other counts. The trial judge advised counsel he intended to instruct the jury to continue with deliberations. Both sides agreed, and the judge instructed

19

the jury accordingly. Approximately ninety minutes later, the jury advised it was "moving along and deliberating to a verdict" but wanted to take lunch. The jury continued deliberating until the end of the day and the judge instructed them to return the following day.

On December 1, deliberations continued for approximately two hours and the jury delivered its verdict. It acquitted defendant of robbery, conspiracy to commit robbery, and possession of a weapon for unlawful purposes in relation to the December 8, 2011 incident. It likewise acquitted him of the December 19 robbery. However, the jury convicted defendant of theft related to the December 8 incident, conspiracy to commit the December 19 robbery, theft, and possession of a weapon for an unlawful purpose related to that incident. Regarding the January 5, 2012 incident, the jury deadlocked on whether defendant was guilty of robbery, conspiracy to commit the robbery, and possession of a weapon for an unlawful purpose, but convicted him of theft. The jury convicted defendant of all the offenses associated with the January 12 incident, namely: robbery, conspiracy to commit robbery, theft by unlawful taking, and possession of a weapon for an unlawful purpose.

None of these facts convince us the delay resulted in a prejudicial outcome. We presume the jury followed the trial judge's instructions not to

violate its oath when it dispersed for the Thanksgiving break. See State v. Burns, 192 N.J. 312, 335 (2007). And the fact that they returned, deadlocked, and then delivered a mixed verdict, evidences they deliberated and were not impacted by the break. For these reasons, trial counsel was not ineffective for failing to object to the delay in deliberations, and we discern no error by the PCR judge and no basis to reverse.

## VI.

Finally, to the extent we have not addressed an issue raised in either defendant's counseled or pro se briefs, it is because it lacks sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-3593-22